## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE QUAPAW TRIBE OF OKLAHOMA, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 03-CV-0846-CVE-SAJ |
| ASARCO, INC., et al., | ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court are the following motions: Third-Party Defendant Betty McDonald's Motion for Summary Judgment (Dkt. # 136); Motion to Dismiss Plaintiffs' Amended Complaint by Defendants Asarco Incorporated, Childress Royalty Company, The Doe Run Resources Corporation, and NL Industries, Inc. (Dkt. # 152); and Defendant United States of America's Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. # 201). Plaintiffs filed a second amended complaint (Dkt. # 330) on April 20, 2007, and the Court finds that both motions to dismiss (Dkt. ## 152, 201) the first amended complaint are moot.

## I.

This case arose out of historical mining activity in a region of northeastern Oklahoma that has become known as Tar Creek. Beginning in the early 1900s, mining companies removed large quantities of lead and zinc from Tar Creek. As part of the mining process, mining companies milled lead and zinc ore to remove as much metal as possible, and left mining waste on the surface in the form of chat piles and tailings ponds. Most of the waste was never removed from Tar Creek, and it remains on the land to this day.

However, the mining companies did not own the land in Tar Creek.  According to the second amended complaint, approximately 75 percent of the land in Tar Creek is owned by members of the Quapaw Tribe of Oklahoma ("Quapaw Tribe") or is held in trust by the United States government for the Quapaw Tribe.  The Quapaw Tribe filed this lawsuit against mining companies or the successors of mining companies that were active in Tar Creek, alleging that the mining companies created a public and private nuisance by leaving mining waste on the surface.[1]  Two of the defendants, Gold Fields Mining Corporation ("Gold Fields") and Blue Tee Corp. ("Blue Tee") filed third-party claims for contribution and indemnification against the individual landowners and chat owners[2] in Tar Creek for failing to abate the nuisance alleged in plaintiffs' complaint.

McDonald, a third party defendant, has filed a motion for summary judgment against Gold Fields and Blue Tee, arguing that she can not be held liable for mining waste on her property in Ottawa County, Oklahoma.  She claims that she acquired the subject property when the previous owners, Charles Felix Hoffman, Jr. and Barbara A. Hoffman, failed to repay a loan.  To satisfy the debt, the Hoffmans transferred an undivided one-half interest in the property to McDonald by quit claim deed.  McDonald has submitted an affidavit stating that she has never entered the subject property or received any income from the property.  She also states that she had no knowledge of an alleged nuisance on the property.

---

[1]    Plaintiffs also filed claims for trespass, unjust enrichment, strict liability for conducting an abnormally dangerous activity, deceit, and federal law claims related to the removal of hazardous substances.  These claims are not relevant to the motion for summary judgment filed by third-party defendant Betty Lee McDonald ("McDonald").

[2]    Gold Fields and Blue Tee allege that the original leases between the landowners and mining companies required the mining companies to leave chat on the land after it was mined.  In their third-party complaint (Dkt. # 47), they argue that the landowners owned the chat and the mining companies had no authority to remove it.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993).  The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex, 477 U.S. at 317. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).  "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Durham v. Xerox Corp., 18 F.3d 836, 838-39 (10th Cir. 1994).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff."  Anderson, 477 U.S. at 252.  In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or

3

whether it is so one-sided that one party must prevail as a matter of law." Id. at 250.  In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

In McDonald's motion for summary judgment, she claims that she acquired an interest in the subject property long after the alleged nuisance was created, and there is no basis under Oklahoma law to hold her liable for contribution or indemnification.  She argues that a successive property owner can be held liable for nuisance only if she used the property, had knowledge of the alleged nuisance, or attempted to repair the nuisance.  See Union Texas Petroleum Corp. v. Jackson, 909 P.2d 131 (Okla. Civ. App. 1995).  Gold Fields and Blue Tee respond that McDonald's motion is premature.  They argue that they have not had an opportunity to conduct discovery on their third-party claims against McDonald to rebut her assertions that she had no knowledge of a possible nuisance on her property.  They also claim that McDonald has construed the third-party complaint too narrowly, and the third-party plaintiffs have stated a claim for contribution and indemnification from McDonald.

McDonald's motion was filed on April 29, 2004, which creates an appearance that Gold Fields and Blue Tee have had ample time to conduct discovery on their third-party claims. However, this litigation has repeatedly been delayed and, in many ways, this case is just getting started.  The case was stayed from October 20, 2004 to January 31, 2007 due to an interlocutory appeal by plaintiffs challenging the Court's ruling on the Quapaw Tribe's sovereign immunity

defense to counterclaims for recoupment.[3]  Since the stay has been lifted, plaintiffs have requested and been granted permission to file a second amended complaint to assert additional claims against Gold Fields and Blue Tee and add additional parties.  There is currently no scheduling order in place and, due to the Court's ruling granting plaintiffs' motion to amend, the status conference set for April 12, 2007, to discuss scheduling deadlines was stricken.

Robert Joyce, counsel for Gold Fields and Blue Tee, has submitted an affidavit stating that he has not had an opportunity to conduct discovery in support of Gold Fields' and Blue Tee's third party claims, but he identifies specific types of information that he intends to pursue in the discovery process.[4]  Defendants claim that a successor landowner can be held liable for a pre-existing nuisance "if the owner or lessee has or should have knowledge of the existence of the nuisance and of its liability to cause injury."  Union Texas Petroleum, 909 P.2d at 141.  Contrary to McDonald's assertions, there is a possibility that she could be held liable even if she were not actually aware of an alleged nuisance on the subject property.  Her motion for summary judgment does not address this possibility, and defendants state that discovery concerning McDonald's awareness or notice of a nuisance on her property is necessary before the Court can rule on her motion.[5]  Defendants

---

[3]     On April 24, 2006, the Tenth Circuit issued an opinion affirming this Court's decision that the Quapaw Tribe waived its sovereign immunity defense to defendants' counterclaims for recoupment.  However, the Court did not lift the stay until January 31, 2007 in order to allow the parties sufficient time to conduct settlement negotiations.

[4]     Specifically, counsel states that he has not had a chance to discover McDonald's "interest in and knowledge of chat piles, tailings ponds, lands upon which such piles and ponds reside, as well as knowledge of governmental response activities and lawsuits related to thereto and to other activities in the Tri-State Mining District."  Dkt. # 172, at 9.

[5]     McDonald chose not to file a reply in support of her motion for summary judgment, and she has not responded to defendants' request for additional time to conduct discovery.

suggest that McDonald should have been aware that chat piles on her property posed a nuisance, if for no other reason than the property was located within Tar Creek.

While there is no requirement to defer summary judgment until discovery is complete, the Court finds that defendants have articulated legitimate reasons for delays in obtaining discovery. Public Serv. Co. of Colorado v. Continental Cas. Co., 26 F.3d 1508, 1518 (10th Cir. 1994).  Shortly after the case began, the case was stayed for approximately two years pending an interlocutory appeal to the Tenth Circuit.  This has greatly limited the ability of the parties to conduct discovery in a timely manner.  Summary judgment should generally not be granted "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Committee for First Amendment v. Campbell, 962 F.2d 1517, 1521 (10th Cir. 1992).  Due to circumstances beyond defendants' control, they could not pursue discovery for their third-party claims and it would be improper to grant summary judgment without permitting defendants a reasonable opportunity to determine if relevant evidence to support their claims exists.

The Court finds that McDonald's motion for summary judgment should be denied without prejudice to refiling.  After discovery is completed, she will be allowed to refile her motion for summary judgment and the Court will address the merits of her arguments at that time.

**IT IS THEREFORE ORDERED** that Third-Party Defendant Betty McDonald's Motion for Summary Judgment (Dkt. # 136) is **denied**.  The Motion to Dismiss Plaintiffs' Amended Complaint by Defendants Asarco Incorporated, Childress Royalty Company, The Doe Run Resources Corporation, and NL Industries, Inc. (Dkt. # 152) and Defendant United States of America's Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. # 201) are **denied**.

**DATED** this 23rd day of April, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

6